# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVE D. FARLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:08-CV-2219-VEH** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

Plaintiff Steve D. Farley ("Mr. Farley") brings this action pursuant to 42 U.S.C. §§ 216(i) and 223 of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Mr. Thursby timely pursued and exhausted his administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g)

---

[1]    In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Farley was a 42-year-old male at the time of his hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 294). He has a limited education, and the last grade that he finished was the seventh. (Tr. 13, 294).

Mr. Farley's past work experiences include restaurant waiter, unloader at McDonald's, and a helper at a gas station. (Tr. 14). Mr. Farley claims disability beginning on May 10, 2005. (Tr. 12). Mr. Farley suffers from status post left Achilles tendon rupture; history of polysubstance abuse; possible borderline intellectual functioning; and major depressive disorder. (Tr. 13).

Mr. Farley protectively filed a Title II application for a period of disability and DIB and a Title XVI application for SSI on June 29, 2005. (Tr. 12). The DIB and SSI claims were denied initially on September 12, 2005. (*Id.*). Mr. Farley timely filed a request for a hearing on October 3, 2005. (*Id.*). The hearing before the ALJ was held on February 21, 2007. (Tr. 12, 290). The ALJ concluded Mr. Farley was not disabled as defined by the Social Security Act and denied both of his applications on January 24, 2008. (Tr. 12-22).

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

Mr. Farley filed a request for review that was received on March 11, 2008.  (Tr. 7).  On September 26, 2008, the Appeals Council denied review, which resulted in the ALJ's decision being the final decision of the Commissioner.  (Tr. 3).

On November 25, 2008, Mr. Farley filed his complaint with this court asking for review of the ALJ's decision.  (Doc. 1).  This court has carefully considered the record, and for the reasons stated below, affirms the Commissioner's denial of benefits.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*.  Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;
(2)     whether the claimant has a severe impairment;
(3)     whether the claimant's impairment meets or equals an impairment listed by the Secretary;

---

[3]  The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through October 19, 2009.

> (4)   whether the claimant can perform her past work; and
>
> (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).   "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.   If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).   The Commissioner must further show that such work exists in the national economy in significant numbers.  *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found Mr. Farley had not engaged in substantial gainful activity since the amended alleged onset of his disability on May 10, 2005.  (Tr. 13). Thus, the claimant satisfied step one of the five-step test.  20 C.F.R. § 404.1520(b).  Under step two, the ALJ concluded that "[t]he claimant has the following 'severe' impairments: status post left Achilles tendon rupture; history of polysubstance abuse; possible borderline intellectual functioning; and major depressive disorder[.]"  (Tr. 13).

Accordingly, the ALJ concluded that Mr. Farley satisfied the second step of the sequential disability evaluative process.  20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. Farley did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 17).  Mr. Farley does not dispute this finding on appeal.

The ALJ evaluated Mr. Farley's residual functional capacity at step four, and the claimant was found to have the ability to perform medium work with additional limitations.  (Tr. 17).  The ALJ listed Mr. Farley's additional limitations to include: "stand[ing]/walk[ing] a total of 2 hours in an 8 hour day;"  "perform[ing] simple, but not complex tasks[;]" "maintain[ing] attention and concentration for 2 hours at a time and can complete an 8 hour day provided customary breaks are given;"  "[having] contact with the general public, coworkers and supervisors should be casual" "[having] supervision [that is] nonconfrontational and tactful;" and  "[implementing] changes to the workplace [in a] gradual and well explained [manner]."  (Tr. 17). Against this backdrop and in reliance upon testimony from a vocational expert, the ALJ determined that Mr. Farley suffered from impairments that prevented him from performing past relevant work.  (Tr. 21).

Because of the ALJ's finding that Mr. Farley was unable to perform past relevant work it was necessary to continue to step five of the sequential analysis. (Tr. 21). Factoring in the Medical-Vocational Guidelines and relying upon testimony for the vocational expert, the ALJ concluded that Mr. Farley was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 22). Such possible occupations included positions existed within the polisher-optical goods industry, document preparer, and bonder. (Tr. 21-22). Accordingly, the ALJ concluded Mr. Farley was not disabled as defined by the Social Security Act, at any time from May 10, 2005, through January 24, 2008, the date of the ALJ's decision, and denied both his DIB and SSI claims. (Tr. 22).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4]

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In this appeal, Mr. Farley contends that the ALJ erred in his application of the pain standard. (Doc. 9 at 11). More specifically, Mr. Farley maintains that the ALJ "failed to properly consider his nonexertional impairments including pain, [and] also including his psychological impairments." (*Id.*). Mr. Farley further complains that "even if the ALJ's post hearing consultative examiner Bruce Romeo (R. 262-265) had been correct, that the ALJ's analysis should not have been over at that point as there were psychological impairments and pain which needed to be considered." (*Id.*).

I.   **THE ALJ EVALUATED THE CREDIBILITY OF MR. FARLEY'S SUBJECTIVE COMPLAINTS OF DISABLING PAIN AND PSYCHOLOGICAL IMPAIRMENTS UNDER THE APPROPRIATE LEGAL STANDARD, AND THE DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE.**

In order to satisfy the Eleventh Circuit pain standard, Mr. Farley must prove "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (citing *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985)). Relatedly, "[w]hile both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain

alleged, <u>neither requires objective proof of the pain itself</u>."  *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (emphasis added).

Here the ALJ determined that Mr. Farley "ha[d] not met his burden."  More specifically, the ALJ explained:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 19).  The ALJ then discussed his rationale for partially rejecting Mr. Farley's subjective allegations of pain and other symptoms.  (Tr. 19-20).

In *Wilson v. Barnhart*, the Eleventh Circuit reversed the district court's decision that the ALJ improperly applied the pain standard and found that the ALJ's decision was supported by substantial evidence because "the ALJ made a reasonable decision to reject Wilson's subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so." *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002).

Akin to the standard set forth in *Wilson*, the ALJ's negative credibility finding in this instance is supported by substantial evidence.  For example, as the ALJ explained the inconsistencies in the record regarding Mr. Farley's subjective complaints:

The claimant also reported to the doctor that he "spends most of his time doing light housework, preparing simple meals, and watching television." He also admitted that he occasionally visits with family members and friends at home. As Dr. Romeo noted, he is also independent with his activities of daily living. These facts are in stark contrast to his hearing testimony and the multitude of complaints he expressed to Dr. Anderson, but failed to even mention to Dr. Blotcky. When considering the report of Dr. Anderson, the undersigned is of the opinion that he, although likely good intentioned, apparently based most of his conclusions on the claimant's subjective allegations rather than a complete and objective record as evidenced by the numerous marked and extreme limitations contained in the SQRFC he completed which are, on their face, inconsistent with and supported by the weight of the evidence in this case as summarized hereinabove.

(Tr. 20 (emphasis added)).

To illustrate some of the dramatic contrast in the degree of Mr. Farley's subjective allegations, the ALJ summarized portions of Mr. Farley's hearing testimony, including his indication that he "can only stand for 10 minutes, [and] walk for about two blocks[;]" that "[o]n a pain scale, it is a 9[;]" that "[a]ny activity causes the pain[;]" and that he "usually sleep[s] his days away." (Tr. 19; *see also* Tr. 300, 305, 306, 308, 309, 311). Further discrediting Mr. Farley's complaints about the degree of his disabling pain, the ALJ noted that "[h]e receives no medical treatment on a regular basis." (Tr. 20). These comparisons drawn by the ALJ provide substantial evidence for discounting Mr. Farley's subjective symptoms.

Regarding Mr. Farley's veracity with respect to testing, the ALJ also observed:

10

> In regard to the IQ scores as reported by Dr. Blotcky, the undersigned points out that the salient characteristics of good tests include validity and reliability.  These scores are not accompanied by any statement of validity or reliability.  <u>Moreover, Dr. Blotcky specifically noted that he could not report that the scores were valid due to the claimant's "questionable" motivation</u>.

(Tr. 20 (emphasis added) (internal citation omitted)).  Therefore, the dubious efforts made by Mr. Farley when Dr. Blotcky administered the I.Q. testing to him provide additional good cause for not fully crediting all the subjective statements that he offered concerning the severity of his conditions.

Furthermore, as it pertains to Mr. Farley's psychological impairments more particularly the ALJ also pointed out that progress notes dated June 28, 2005, indicated that Mr. Farley had "admitted <u>noncompliance with his medication</u>; he reported that he had not taken his antidepressant medication 'in a few months[.]'" (Tr. 14 n.1 (citing Ex. 14F)).  In assessing credibility, it is appropriate for an ALJ to consider a claimant's noncompliance with prescribed treatment.  *See, e.g.*, 20 C.F.R. §§ 404.1527(d)(4), 404.1529(c)(3)(iv), 416.927(d)(4), 416.929(c)(3)(iv); *Harwell v. Heckler*, 735 F. 2d 1292, 1293 (11th Cir. 1984) ("However, the record shows that the ALJ properly considered a variety of factors, including the claimant's use of pain-killers and his daily activities, in making the finding about pain."); *Akers v. Astrue*, 5:06-CV-1844-VEH (Doc. 13 at 18-19) (N.D. Ala. June 27, 2007).  Therefore

consistent with the foregoing analysis, the ALJ articulated specific and sufficient reasons for doubting Mr. Farley's subjective testimony, including his psychological symptoms, and substantial evidence supports his negative finding as to Mr. Farley's credibility.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 2nd day of December, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge